### PROCEDURE IN AN ACTION TO CONTEST A WILL.

Circuit Court of Hamilton County.

ZINN v. FERRIS, EXECUTOR, ET AL.

Decided, June 29, 1912.

*Wills—Proper Time for Disposing of Question as to Capacity of the Plaintiff to Maintain Action—Section 12082.*

Where the question is raised, in an action to contest a will, as to the right of the plaintiff to maintain the action, it is the duty of the court to determine this question before proceeding to submit to the jury the issue as to the validity of the will.

*Healy, Ferris & McAvoy* for plaintiff in error.
*Rufus B. Smith* and *Chas. B. Wilby,* contra.

SMITH, P. J.; SWING, J., and JONES, J., concur.

In the court of common pleas of this county, plaintiff in error filed his petition to contest the will of Elizabeth Zinn, this

action being brought in conformity with Section 5861, Revised Statutes (General Code, Section 12082).

Aaron A. Ferris, executor and trustee under said will, filed a motion for an order of abatement and dismissal of the action, setting up by affidavit certain facts denying the right of plaintiff in error to maintain a contest of the will. The facts stated therein were not denied and upon hearing the trial court granted the motion and dismissed the petition.

It is urged that in this respect the court committed error, for the reason that under our statute it was the duty of the court when the petition to contest the will was filed to have had an issue made up either by pleadings or an order on the journal as to whether or not the writing produced was the last will of the testator, and that this issue should have been tried by a jury, and that the only adjudication of such a question was to be determined solely by a verdict of a jury so returned.

While this no doubt is correct, yet it seems to us that if a question is made as to the right of the plaintiff to maintain the action, it is not only proper but it is the duty of the court to determine this preliminary question before submitting to the jury the general question as to the validity of the will.

It is evident from the facts stated in the motion and the affidavit filed by the executor to dismiss the proceedings, if true (and we must assume that they are for there is no denial), plaintiff in error has no standing or right to maintain his action, as well as under item 14 of the will.

We do not think that the defendant in error is driven to setting up in an answer to the petition the facts stated in his affidavit as any defense to the action.

The right to maintain the action can and should be determined first and if this right is determined adversely to the plaintiff, then there is nothing to submit to the jury. If, on the other hand, it is determined in his favor, then the court will proceed in accordance with the statute and submit the issue as to the validity of the will to the jury.

We are of the opinion that the action of the court below was correct and the judgment is affirmed.